RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 7/29/08
BY JDK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH GRANT | DOCKET NO. 08-CV-0289; SEC. P |
| VERSUS | DISTRICT JUDGE DEE D. DRELL |
| JEFF WINDHAM, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se plaintiff Joseph Grant, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 27, 2008. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"). He is currently incarcerated at the Madison Parish Correctional Center ("MPCC"); however, he complains that he was denied appropriate medical care at Lasalle Correctional Center ("LCC"), the place of incarceration at the time of filing suit. Plaintiff named LCC Warden Jeff Windham and Nurse Beverly Rainey as defendants. He sought a transfer to another prison and damages of $10,000.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### Statement of the Case

Plaintiff arrived at LCC on or about December 8, 2007. He later informed the medical staff that he is diabetic. Nurse Rainey ordered insulin, however, she "...has failed to constantly monitor

[plaintiff's] situation." Plaintiff claims that has complained about his vision and has asked "to see the eye doctor to have his eyes examined for glasses." However, his request was denied. He also requested a foot examination by a physician, but that, too, was denied. Plaintiff complained to Warden Windham, but he responded that Plaintiff would have to pay for the examinations.

**Law and Analysis**

**1. Amended Complaint**

Plaintiff was ordered to amend his complaint to provide a description of what each defendant did to violate his rights; the place and date that each event occurred; and a description of the alleged injury sustained as a result of the alleged violation.

Plaintiff claims that he has diabetes and that he informed unnamed members of the LCC Medical Department of that fact. Plaintiff faults Nurse Rainey for failing to "constantly monitor" his situation; but, despite being ordered to amend, Plaintiff did not define those terms. Plaintiff states that Nurse Rainey did order and provide him with insulin; and, he does not allege that he was ever deprived of his insulin.

Plaintiff alleged that he asked to be evaluated for eyeglasses by an eye doctor. He failed to state how this condition is related to his diabetes. Plaintiff first states that his request was simply denied, but later states that he was told that he would have to pay for the examination.

Plaintiff does not state reasons to support his need for a

foot examination. He claims that his feet could become infected at times because of his diabetes. However, he does not allege that he currently suffers from any potential infections at this time. Moreover, he does not show any connection between his request to see a foot doctor and his diabetic condition. Plaintiff first states that his request was simply denied, but later states that he was told that he would have to pay for the examination.

Finally, despite being ordered to amend, Plaintiff has not enumerated any injuries sustained as a result of the defendants' alleged fault.

2.  **Medical Care**

Plaintiff is an LDOC convict. The constitutional right of a convicted prisoner to medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm, which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. Estelle v. Gamble, 429 U.S. 97, 104 (1976).

Thus, to establish an actionable constitutional violation, Plaintiff would have to allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. Thompson v. Upshur County, Texas, 245 F.3d 447,

457 (5th Cir. 2001). Plaintiff has not made such a showing. All Plaintiff has established is that he receives insulin and that, during his eight month stay at LCC, he did not receive an evaluation for eye glasses and was not seen by a "foot doctor." his allegations.

3. **Transfer**

In his complaint, Plaintiff requested a transfer to another LDOC facility. He has since been transferred to Madison Parish Correctional Center. His request for transfer is moot.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P.**

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _____, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE